UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JULIA KAMALA,

      Plaintiff,

v.

TARGET,

      Defendant.

Case No. 24-CV-1156-JPS

**ORDER**

---

**1. INTRODUCTION**

Plaintiff Julia Kamala ("Plaintiff") sues Defendant Target ("Defendant"), seeking from the Court "assist[ance] with [b]irth certificate documentation." ECF No. 1 at 4. Plaintiff also moves for leave to proceed in forma pauperis. ECF No. 2.

This order screens Plaintiff's pro se complaint. For the reasons discussed herein, the Court concludes that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and so cannot proceed. The Court will defer resolving Plaintiff's motion for leave to proceed in forma pauperis and will grant Plaintiff leave to file an amended complaint.

**2. MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915,[1] is

---

[1]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell*

designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those

---

*v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

The Court declines to analyze at this juncture whether Plaintiff is indigent because, as it discusses *infra* Section 3, there are barriers to Plaintiff proceeding with this lawsuit that must first be addressed. The Court will accordingly defer ruling on Plaintiff's motion for leave to proceed in forma pauperis.

3.   **SCREENING**

   **3.1   Standards**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on

an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

"What is a short and plain statement depends, of course, on the circumstances of the case." *Mountain View Pharmacy v. Abbott Lab'ys*, 630 F.2d 1383, 1387 (10th Cir. 1980) (quoting MOORE'S FEDERAL PRACTICE § 8.13, 8–124, 125 (2d ed. 1979) and citing *Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885, 889 (5th Cir. 1957)). And "undue length alone" may not necessarily warrant dismissal of an otherwise valid complaint. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). But rarely will this Court consider a lengthy pro se complaint "short and plain," unless it is clear and intelligible. *See Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *5 (E.D. Penn. Oct. 25, 2004) (80-page pro se complaint did not comply with Rule 8); *Struggs v. Pfeiffer*, 2019 U.S. Dist. LEXIS 202582, 2019 WL 6211229, at *1–2 (E.D. Cal. Nov. 21, 2019) (dismissing 42-page complaint as noncompliant with Rule 8). And shorter complaints may still run afoul of the rule if they are rambling, repetitive, or confusing. *Stanard*, 658 F.3d at 798 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *see also Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, No. 13-CV-3106, 2017 U.S. Dist. LEXIS 198374, at *26–27 (N.D. Ill. Dec. 1, 2017) ("While a minor amount

of surplus material in a complaint is not enough to frustrate Rule 8's goals, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations are grounds for dismissal." (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013))).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cur. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 3.2   Plaintiff's Allegations

Plaintiff's pro se complaint contains little information and few allegations. What little it does contain is largely illegible. The Court discerns that Plaintiff needs a copy of her birth certificate "to get a job" but that her attempts to get a birth certificate have been denied. ECF No. 1 at 2. She also writes that she has been "receiving letters of [illegible] trying to collect" but

that she has "no way to pay." *Id.* As relief, she seeks "to resolve the issue" and for "assist[ance] with birth certificate documentation." *Id.* at 4.

A search of Plaintiff's name in the Wisconsin Circuit Court Access database provides some context, albeit not much. In 2019, the Milwaukee County Circuit Court granted an order to "File a Delayed Wisconsin Birth Certificate" to Plaintiff. *Julia Kamala v. [Defendant]*, Case No. 2019CV000012 (Milwaukee County Cir. Ct. 2019), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2019CV000012&countyNo=40 (last visited Sept. 18, 2024).[2] Then, in January 2022, the Milwaukee County Circuit Court held a hearing regarding the State's alleged "refus[al] to renew [Plaintiff's] birth certificate." *Id.*, Jan. 12, 2022 docket entry. Plaintiff contended at the hearing that "she was born in [C]hildren[']s [H]ospital" but that Children's Hospital purported to "have no record of birth" for her. *Id.* In response, the State alleged that Plaintiff "is not a citizen of the U.S. and was born in Africa." *Id.* The court concluded that Plaintiff failed to "produce enough evidence" and accordingly took no further action. *Id.*

### 3.3 Analysis

Plaintiff's complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and fails to give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. From what the Court can discern, Plaintiff purports to sue Target and complains that she needs her birth certificate to get a job, but she does not allege that Target has caused

---

[2] The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

the denial of her birth certificate, or that any denial of her birth certificate was even wrongful or contrary to law. There is simply not enough legible information in her complaint for the Court to conclude that Plaintiff can proceed with her lawsuit, let alone in federal court.

The Court will grant Plaintiff an opportunity to try again by filing an amended complaint. The Court is enclosing a copy of its amended complaint form and instructions. If Plaintiff chooses to take advantage of this opportunity, she must file a legible complaint on or before **October 16, 2024**. If she chooses to again handwrite her filings, she must make her handwriting clearer. Her amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff should clearly describe who (or what entity) denied the renewal of her birth certificate; when that denial occurred; and why she believes that denial was wrongful or contrary to law. In other words, she should explain the "who, what, when, where, and how" of her lawsuit. Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but the amended complaint must provide the Court and Defendant with notice of what Defendant allegedly did or did not do to violate Plaintiff's rights.

If Plaintiff files an amended complaint, it will become the operative complaint in this matter, and the Court will screen it in accordance with 28 U.S.C. § 1915. If Plaintiff fails to timely file an amended complaint as instructed herein, or if she files a complaint that fails to comply with Rule 8 or fails to invoke this Court's jurisdiction, the Court will dismiss her case.

Accordingly,

**IT IS ORDERED** that on or before **October 16, 2024**, Plaintiff shall **FILE** a legible amended complaint in accordance with the instructions

provided herein. Failure to timely do so will result in dismissal of this action without prejudice and without further notice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form and a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.