UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JULIA KAMALA,

               Plaintiff,

v.

STATE OF WISCONSIN
DEPARTMENT OF HEALTH
SERVICES,

               Defendant.

Case No. 24-CV-1156-JPS

**ORDER**

       In September 2024, Plaintiff Julia Kamala ("Plaintiff") filed a pro se complaint against Target, seeking from the Court "assist[ance] with [b]irth certificate documentation." ECF No. 1. She also moved for leave to proceed in forma pauperis. ECF No. 2.

       Later that month, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915 and concluded that it failed to comply with Rule 8 of the Federal Rules of Civil Procedure. ECF No. 4. The Court noted that the complaint was largely unintelligible and failed to allege any wrongdoing against Target. *Id.* at 5–7. The Court accordingly deferred disposition of Plaintiff's motion for leave to proceed in forma pauperis and granted Plaintiff leave to file an amended complaint. *Id.* at 1, 7.

       Now before the Court is Plaintiff's amended complaint, which the Court screens in accordance with 28 U.S.C. § 1915. ECF No. 5. Plaintiff now sues the State of Wisconsin Department of Health Services ("WDHS"). *Id.* at 1. Plaintiff avers that she was born at Children's Hospital in the United States in November 1982 but that there are no records of her birth there. *Id.*

at 2. She claims that when she was approximately three years old, her father took her to Africa, where her relatives "forged documents and changed [her] identity." *Id.* Plaintiff returned to the United States in 1998 as an F1 student, using the alias under which she had lived in Africa. *Id.* She has been trying to get her birth certificate since 2014 without success. *Id.* In December 2021, WDHS Vital Records Office denied her request for her birth record because her "birth did not occur in Wisconsin." ECF No. 5-1 at 2. Plaintiff implicitly disputes WDHS's assessment that she was not born in Wisconsin.

Wisconsin law allows for late registrations of birth in certain circumstances and upon a showing of certain evidence. Wis. Stat. § 69.14(2)(b). "Any person requesting a birth record" more than 365 days after the birth "shall establish" various facts, including "[t]he date and place of birth," by certain enumerated evidence. Wis. Stat. § 69.14(2)(b)2–3. The statute provides that "[t]he state registrar may deny a request for a birth record under this paragraph." Wis. Stat. § 69.14(2)(b)(5).

In the event of such a denial, "the person making the request may file a petition with the circuit court of the alleged county of birth for an order establishing a record of the date and place of the birth . . . ." Wis. Stat. § 69.14(2)(b)(6). "If the court finds that such person was born in this state, the court shall make findings as to the place and date of birth . . . and any other required finding and shall . . . issue an order to register a birth record for the person . . . ." *Id.*

Plaintiff appears to have filed such a petition; upon the initial denial of her request for her birth record, she filed an action in Milwaukee County Circuit Court. *Julia Kamala vs. [Defendant]*, No. 2019CV000012 (Milwaukee Cnty. Cir. Ct. 2019), *available at*

https://wcca.wicourts.gov/caseDetail.html?caseNo=2019CV000012&countyNo=40 (last visited Oct. 21, 2024).[1] The circuit court held a hearing; ultimately, it concluded that Plaintiff "did not produce enough evidence" for the court to order that a delayed birth registration be issued. *Id.*, Jan. 12, 2022 docket entry. Plaintiff does not explicitly dispute that the evidence that she produced was insufficient. It does not appear that Plaintiff appealed the circuit court's decision to the Wisconsin Court of Appeals or Wisconsin Supreme Court. Supreme Court and Court of Appeals Access, Wisconsin Court System, *available at* https://wscca.wicourts.gov/caseSearchPage.do (last visited Oct. 21, 2024) (search for Julia Kamala returning no results).

The Court sympathizes with the difficulty that Plaintiff has experienced and continues to experience due to her lack of birth record. Nevertheless, the Court cannot provide Plaintiff the relief that she seeks. The Court cannot overturn or alter the state court's decision that Plaintiff failed to put forward sufficient evidence to warrant an order that a delayed birth registration be issued. *See Yoder v. City of Logansport*, 286 F. App'x 322, 324 (7th Cir. 2008) ("[F]ederal courts other than the Supreme Court cannot overturn state-court judgments." (citing *Beth-El All Nations Church v. City of Chicago*, 486 F.2d 286, 292 (7th Cir. 2007) and *Taylor v. Fannie Mae*, 374 F.3d 529, 532 (7th Cir. 2004))). To the extent that Plaintiff seeks review of the Milwaukee County Circuit Court's decision, she needed to have sought such review before the state courts. *Onishi v. Chapleau*, 848 F. App'x 211, 212–13 (7th Cir. 2021) ("Under the *Rooker-Feldman* doctrine, state-court losers must appeal in the state courts, then seek certiorari from the Supreme

---

[1] The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Court of the United States; lower federal courts cannot overturn state-court decisions." (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983) and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923))).

Nor does Plaintiff's implicit contention that WDHS erred in denying her request for her birth record give rise to a claim that this Court could entertain because "[f]ederal courts do not sit to compel a state's compliance with its own law," *Tenny v. Blagojevich*, 659 F.3d 578, 583 (7th Cir. 2011) (citing U.S. CONST., amend. XI and *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988)), and "the failure to conform with the procedural requirements guaranteed by state law does not by itself constitute a violation of federal due process." *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 707 (7th Cir. 2002) (citing *Pro-Eco, Inc., v. Bd. of Comm'rs of Jay Cnty.*, 57 F.3d 505, 514 (7th Cir. 1995); *Wallace v. Tilley*, 41 F.3d 296, 301 (7th Cir. 1994); and *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993)); *see also Burgess v. Ryan*, 996 F.2d 180, 184 (7th Cir. 1992) ("The Constitution does not require states to administer their laws correctly. . . . Blunders in the implementation of state law are inevitable; state courts provide the remedy." (collecting cases)).

Plaintiff does not suggest that the process she received was constitutionally insufficient. She does not allege that WDHS discriminated against her on the basis of her membership in a protected class. Nor does her complaint appear to raise any other similar claim that this Court could legally entertain. Accordingly, and having already granted Plaintiff one opportunity to amend her complaint, the Court will dismiss this action without prejudice for lack of jurisdiction. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (citing *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) and *T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997));

*Kuhn v. United Airlines, Inc.*, 640 F. App'x 534, 537 (7th Cir. 2016) ("[A] district court may properly deny leave [to amend] for a variety of reasons, including . . . futility. . . . Amendment is futile if the added claim would not survive a motion to dismiss or a motion for summary judgment." (citing *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860–61 (7th Cir. 2001); and *Gen. Elec. Cap. Corp., v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997))). In light of the dismissal, the Court will also deny as moot Plaintiff's motion for leave to proceed in forma pauperis.

Accordingly,

**IT IS ORDERED** that Plaintiff Julia Kamala's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.